IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA ORTEGA,    )
          )
  Plaintiff,    )
          ) CAFN:
v.          )
          )
STARBUCKS CORPORATION  )
          )
  Defendant.    )

## NOTICE OF REMOVAL

COMES NOW, Starbucks Corporation (hereinafter "Defendant"), and petitions for removal of the action herein from the State Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows the Court the following:

1.

On August 9, 2024, Angela Ortega (hereinafter "Plaintiff"), filed a civil action in the State Court of Fulton County, State of Georgia. That action is styled *Angela Ortega v. Starbucks Corporation*, Civil Action File No. 24EV007045. Attached hereto as Exhibit A are copies of the General Civil and Domestic Relations Case Filing Information Form, Summons, Complaint, 5.2 Certificate of Service, Plaintiff's First Continuing Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Starbucks Corporation, and Affidavit of

Service which constitutes the entirety of the pleadings in this case to date. Defendant is also filing Defendant's Notice of Filing of the Notice of Removal with the State Court of Fulton County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

2.

This lawsuit arose out of an alleged incident which occurred on or about August 26, 2022 in Fulton County, Georgia. The subject incident allegedly occurred when Plaintiff Angela Ortega purchased an oatmeal breakfast at the drive-through window at the Starbucks located at 7920 Senoia Road, Fairburn, GA.  Allegedly, a Starbucks partner handed Plaintiff a cup of hot water for her oatmeal with the plastic lid not attached and the hot water spilled on Plaintiff's right lower extremity.

3.

Plaintiff alleges that that Defendant Starbucks Corporation was negligent by (a) negligently failing to attach the lid on the top of a cup of scalding hot water, creating a hazardous and unreasonably dangerous condition; (b) negligently failing to inspect the lid on the cup of hot water to ascertain whether the lid was properly secured, constituting a hazard and dangerous condition; (c) negligently failing to adequately warn Plaintiff of the danger of the unsecured lid on the cup of scalding hot water when Defendant Starbucks knew or should have known that the hot water posed a danger to the Plaintiff with the lid unsecured and that Plaintiff was unaware

of same. (Plaintiff's Complaint, ¶ 15.) Plaintiff further claims that under O.C.G.A. § 51-12-5.1, Defendant's actions or omissions constituted willful misconduct, malice, fraud, oppression, wantonness, and an entire want of care raising the presumption of conscience indifference. (Plaintiff's Complaint ¶19). Plaintiff claims that she is therefore entitled to punitive damages from the named Defendant. (Plaintiff's Complaint, ¶ 21.)

4.

In her Complaint, Plaintiff contends that venue in the pending State Court action is proper (Plaintiff's Complaint, ¶ 4). Defendant recognizes that Fulton County is located within the jurisdiction of the Northern District of Georgia, Atlanta Division. Therefore, pursuant to 28 U.S.C. § 1446(a), the Northern District of Georgia, Atlanta Division is the correct Court for Defendant to file this Notice of Removal.

5.

Defendant Starbucks Corporation was served on August 14, 2024. The Affidavit of Service was filed on August 20, 2024. As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008) (The removal statute "permit[s] each defendant, whether first or last served or somewhere in between, thirty days within which to file a notice of removal upon receipt of service.").

6.

Defendant Starbucks Corporation has both its place of incorporation and principal place of business in the State of Washington. (See Exhibit C which is a copy of Defendant Starbucks Annual Registration with the Georgia Secretary of State).

7.

In her Complaint, Plaintiff states and admits that she is a resident of the state of South Carolina. (Plaintiff's Complaint, ¶ 2.)

8.

Accordingly, there is complete diversity of citizenship between Plaintiff and the only Defendant in this action, Starbucks Corporation. Thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C. § 1332.

9.

Plaintiff does not specify the amount of damages that she seeks in her Complaint. However, Plaintiff requests she be awarded the full value of her past and future general damages, including, but not limited to damages for physical and mental pain and suffering, the full value of her past, present, and future medical expenses and lost wages and earnings, and punitive damages. (Plaintiff's Complaint, ¶ Prayer for Relief subsections c., d., and e.)

10.

To determine whether the jurisdictional threshold of $75,000.00 is met, the Court must assume that Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). Further, on May 25, 2023, Plaintiff's counsel issued a demand letter offering to settle Plaintiff's claims for $500,000.00. *See Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) ("As a general matter, a settlement offer may constitute other paper from which it may first be ascertained that the case is one which is or has become removable.").

11.

Accordingly, assuming Plaintiff will prevail on each of the claims set forth in her Complaint, which Defendant specifically denies, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00. In support of this conclusion, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, attached hereto as Exhibit D.

12.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff and the properly joined Defendant are citizens of different states at the time of this removal, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00.

13.

By making this petition for removal, Defendant specifically states that it is not waiving any available defenses to Plaintiff's claims. Additionally, Defendant specifically states that, by making this petition for removal, Defendant is not admitting to any of the allegations made in Plaintiff's Complaint.

14.

WHEREFORE, Defendant prays that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Fulton County.

The undersigned has read this Notice of Removal, and to the best of her knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted, this 13th day of September, 2024.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
parrottj@deflaw.com
nobleb@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Burke A. Noble
Georgia Bar No. 545215

*Attorneys for Defendant*

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C): Times New Roman (14 point).

This 13th day of September, 2024.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Tel: (404) 885-1400
Fax: (404) 876-0992
parrottj@deflaw.com
nobleb@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Burke A. Noble
Georgia Bar No. 545215

*Attorneys for Defendant*

# EXHIBIT A

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV007045**
**8/9/2024 5:19 PM**
**Donald Talley, Clerk**
**Civil Division**

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Fulton_____ County

---

**For Clerk Use Only**

Date Filed _____    Case Number _____

**MM-DD-YYYY**

---

**Plaintiff(s)**

Ortega          Angela
Last      First          Middle I.    Suffix    Prefix

Last      First          Middle I.    Suffix    Prefix

Last      First          Middle I.    Suffix    Prefix

Last      First          Middle I.    Suffix    Prefix

**Defendant(s)**

Starbucks      Corporation
Last      First          Middle I.    Suffix    Prefix

Last      First          Middle I.    Suffix    Prefix

Last      First          Middle I.    Suffix    Prefix

Last      First          Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Laura K. Vickery_____    **State Bar Number** 050110_____    **Self-Represented** ☐

---

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

---

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
24EV007045
8/9/2024 5:19 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                          DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

ANGELA ORTEGA
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

STARBUCKS CORPORATION
_____

Registered Agent: Corporation Service Company

2 Sun   Court, Suite 400   Peachtree Corners  GA, 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Laura K. Vickery, Esq.
_____

Address: 295 W. Crossville Road, Suite 200
_____

City, State, Zip Code: Roswell, GA 30075          Phone No.: 678-399-6161

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.          _____
                                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
24EV007045
8/9/2024 5:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANGELA ORTEGA,                    )
                                  )
                    Plaintiff,    )
                                  )
        v.                        )        CIVIL ACTION
                                  )        FILE NO.
STARBUCKS CORPORATION,            )
                                  )
                    Defendant.    )

## <u>COMPLAINT</u>

COMES NOW, Angela Ortega, (hereinafter, "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint for Damages against Defendant Starbucks Corporation (hereinafter "Defendant" or "Starbucks"), and shows the Court as follows:

1.

This is an action for the injuries suffered by Plaintiff on August 26, 2022, at Defendant's Starbucks location at 7920 Senoia Road, Fairburn, Georgia 30213.

2.

Plaintiff Angela Ortega is a resident of South Carolina, and voluntarily submits herself to the jurisdiction of this Court.

3.

Defendant Starbucks Corporation (hereinafter "Starbucks") is a corporation which exists and is authorized to do business under the laws of the State of Georgia. Service upon this Defendant may be made through its registered agent for service, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Jurisdiction and venue are proper in Fulton County.

## **FACTUAL ALLEGATIONS**

5.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs one (1) through four (4) above, as if fully restated.

6.

On or about August 26, 2022, Plaintiff was a customer and invitee at the Starbucks location at 7920 Senoia Road, Fairburn, Georgia 30213.

7.

Plaintiff visited the Defendant's above premises and went through the drive-through to purchase oatmeal for breakfast. As Plaintiff was parked beside the drive-through window, an employee handed Plaintiff a cup of scalding hot water for the Plaintiff to mix with the oatmeal she purchased. The plastic lid on the cup was not attached, causing the scalding hot water to spill on Plaintiff's right lower extremity when Defendant's employee transferred it to her.

8.

Plaintiff had no knowledge that the lid was not attached and secured before taking the cup from the Starbucks employee.

9.

Due to this incident, Plaintiff sustained serious injuries, including but not limited to second degree burns, permanent scarring, low back pain, and right hip pain.

10.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained physical and emotional injuries, pain and suffering, incurred medical expenses, lost wages and earnings, and she will continue to experience physical, mental, and emotional injuries in the future.

**COUNT I: NEGLIGENCE OF DEFENDANT STARBUCKS CORPORATION**

11.

Plaintiff re-alleges and incorporates paragraphs 1 through 10 above and further alleges the following:

12.

Defendant owed a duty to Plaintiff to exercise proper, ordinary, and reasonable care to ensure that the lid was securely attached to the cup of scalding water prior to transferring the cup to Plaintiff.

13.

At said time and place, Plaintiff was a customer and lawful invitee at the Starbucks location, and Defendant Starbucks owed Plaintiff a duty to exercise reasonable care for her safety.

14.

Plaintiff exercised ordinary care and diligence at all times relevant herein and under the circumstances then existing.

15.

The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly negligent, and reckless conduct of the Defendant which includes but is not limited to the following particulars:

a) Negligently failing to attach the lid on the top of a cup of scalding hot water, creating a hazardous and unreasonably dangerous condition to the Plaintiff;

b) Negligently failing to inspect the lid on the cup of hot water to ascertain whether the lid was properly secured, constituting a hazard and dangerous condition to the Plaintiff; and

c) Negligently failing to adequately warn Plaintiff of the danger of the unsecured lid on the cup of scalding hot water when Defendant Starbucks knew or should have known that the hot water posed a danger to the Plaintiff with the lid unsecured and that Plaintiff was unaware of same.

16.

The employees and/or agents of Defendant Starbucks knew or should have known of the dangerous and hazardous condition of the unsecured hot water cup lid prior to transferring the cup of scalding water to the Plaintiff.

17.

As a result of the aforesaid conduct and the Defendant's failure to exercise reasonable care for the Plaintiff's safety, Plaintiff sustained the injuries, losses and damages more fully described above.

**COUNT II:  PUNITIVE DAMAGES**

18.

Plaintiff re-alleges and incorporates paragraphs 1 through 17 above and further alleges the following:

19.

Defendant's actions or omissions in knowingly and willingly transferring a cup of scalding hot water with an unsecured lip to the Plaintiff constitute willful misconduct, malice, fraud, oppression, wantonness, and an entire want of care raising the presumption of conscience indifference to the consequences as contemplated under O.C.G.A. § 51-12-5.1.

20.

Plaintiff is entitled to recover punitive damages from Defendant in an amount determined by the enlightened conscience of the jury.

21.

Plaintiff is entitled to recover punitive damages from the Defendant in order to penalize, punish and deter Defendant from engaging in similar conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

a.    That Defendant be served with the Summons and a copy of the Complaint as provided by law;

b.    That Plaintiff have a jury trial of twelve jurors on all issues;

c.    That Plaintiff be awarded the full value of her past and future general damages, including, but not limited to damages for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d.    That Plaintiff be awarded the full value of her past, present, and future medical expenses and lost wages and earnings in an amount to be proven at trial;

e.    That Plaintiff be awarded punitive damages from Defendant as determined by the enlightened conscience of the jury; and

f.    That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted this 9th day of August, 2024.

[signature on following page]

**ATLANTA PERSONAL INJURY**
**LAW GROUP-GORE, LLC**
295 W. Crossville Road, Suite 200
Roswell, Georgia 30075
Telephone: (678) 399-6161
Facsimile: (678) 388-6166
Email: laurie@atlinjurylawgroup.com
Email: jennifer@atlinjurylawgroup.com

*/s/Laura K. Vickery*
Laura K. Vickery
Georgia Bar No. 050110
Jennifer Gore-Cuthbert
Georgia Bar No.:788061
*Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
24EV007045
8/9/2024 5:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANGELA ORTEGA,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )       CIVIL ACTION
                                        )       FILE NO.
STARBUCKS CORPORATION,                  )
                                        )
                    Defendant.          )

### 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have arranged for service of **Plaintiff's First Request for Production of Documents, Plaintiff's Request for Admissions, and Plaintiff's First Interrogatories to Defendant Starbucks Corporation,** along with and attached to the Complaint.

> **To: Starbucks Corporation**
> **Registered Agent: Corporation Service Company**
> **Address: 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092**

Respectfully submitted this 9th day of August, 2024.

**ATLANTA PERSONAL INJURY LAW**
**GROUP-GORE, LLC**

295 W. Crossville Road, Suite 200        /s/Laura K. Vickery
Roswell, Georgia 30075                   Laura K. Vickery
Telephone:  (678) 399-6161               Georgia Bar No. 050110
Facsimile:  (678) 388-6166               Jennifer Gore-Cuthbert
Email:   laurie@atlinjurylawgroup.com    Georgia Bar No.: 788061
         jennifer@atlinjurylawgroup.com  *Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
24EV007045
8/9/2024 5:19 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANGELA ORTEGA,                    )
                                  )
                 Plaintiff,       )
                                  )
        v.                        )        CIVIL ACTION
                                  )        FILE NO.
STARBUCKS CORPORATION,            )
                                  )
                 Defendant.       )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT STARBUCKS CORPORATION

COMES NOW, Angela Ortega (hereinafter "Plaintiff"), by and through her undersigned counsel, and pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36, herein serves the following First Continuing Interrogatories, First Continuing Request for Production of Documents and First Continuing Request for Admissions upon Defendant Starbucks Corporation (hereinafter "Defendant," "Starbucks," and/or "Defendant Starbucks").  Plaintiff requests that all requests be answered fully in writing and under oath, and that all requested documents be produced within the time provided by the Georgia Civil Practice Act.

### DEFINITIONS AND INSTRUCTIONS

Wherever the following words or phrases are used in the Interrogatories and Requests, they shall be deemed to include and require information stated as follows:

1. The term "you" and "your" embraces and includes Defendant Starbucks and its employees, agents and all insurance adjusters and legal representatives who are in a position to obtain information on behalf of Defendant.

2. "Documents" means every writing or record of every kind that is or has been in your possession, control, or custody or of which you have knowledge, including

correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, photographs, films, voice recordings, maps, reports, surveys, minutes, email, electronic recordings of any kind, digital data, metadata or statistical compilations as well as every copy of the above writings or records where the original is not in your possession, custody, or control; and every copy of every such writing or record where the copy is not an identical copy of an original or where the copy contains any commentary or notation that does not appear on the original.

3. "Identify", when used with reference to documents or writings, shall require as a minimum the following information:

    a. Date;

    b. General description or title;

    c. Name of author, publisher or preparer, if known;

    d. Name and address of person who has possession of the document or writing;

    e. Whether you will voluntarily produce said document for inspection and copying.

In lieu of the above, a copy may be attached to your answers.

4. "Identify", when used with reference to persons, firms, or corporations, shall require as a minimum the following information:  Name, address, telephone number, employer and occupation.

5. "Person" shall be deemed to include individuals, firms, corporations, the individual member(s) or agent(s) thereof with knowledge of the requested information.

6. "Incident" refers to the incident resulting injury to the Plaintiff on August 26, 2022, as described in Plaintiff's Complaint.

## **INTERROGATORIES**

### **1.**

Identify each and every person who answered and assisting in answering these interrogatories.

### **2.**

Please identify all legal entities who own and/or operate the Starbucks location at 7920 Senoia Road, Fairburn, Georgia 30213, stating the date on which each such entity was formed, the state of incorporation, and the registered agent for each.

### **3.**

Please identify the regional manager(s) and the store manager(s) of the Starbucks located at 7920 Senoia Road, Fairburn, Georgia 30213 on August 26, 2022, including their home address or last known address if no longer employed by Defendant.

### **4.**

Please identify the current regional manager(s) and the store manager(s) of the Starbucks located at 7920 Senoia Road, Fairburn, Georgia 30213, including their home address.

### **5.**

Please identify by name and job title (and last known address and telephone number if the individual is no longer employed by Defendant) all persons who:

a) Witnessed the hot water spill described in the Complaint;

b) Were within sight or hearing of the incident;

c) Witnessed any events leading up to the incident;

d)  Have knowledge of the Plaintiff's injuries;

e)  Heard any statements about the incident by any individual at the scene; and

f)  All employees that spoke to the Plaintiff following the incident.

**6.**

Identify by name, present address and telephone number each and every person known to you who has relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or damages claimed by Plaintiff in connection with this lawsuit.

**7.**

As to each witness in answer to Interrogatory numbers 3 through 6, identify those persons from whom a written statement or taped recording (including court or deposition transcript) has been taken by any person or organization to your knowledge or on your behalf by your counsel, insurance carrier, investigators, or others in your possession.  As to each such person set forth:

(a)  The date statement was taken;

(b)  The name and address of the person taking the statement;

(c)  Whether the statement is in writing or was audio taped or video recorded;

(d)  The name and address of the person who presently has possession of the statement or tape; and

(e)  Whether the witness was paid any money, for whatever reason, in connection with, or relating to, the giving of a statement.

**8.**

State in detail the manner in which you contend the occurrence referred to in the Complaint occurred, including your involvement in the events described in the Complaint.

**9.**

State whether you or any person on your behalf has any photographs, charts, diagrams, videotapes and illustrations of the scene of this incident whether taken before on the date of, or after the accident involved in this case or any person, place or thing involved in this lawsuit. For each such photograph, chart, diagram, videotape or other illustration, please state the date each was made and name and address of the person with possession, custody or control of same.

**10.**

Identify each insurance company and the limits of liability under each policy which insures you for damages arising out of the incident involved in this lawsuit, including liability, excess, umbrella and any other insurance policy offering coverage for the incident described in Plaintiff's Complaint.

**11.**

Identify all expert witnesses whom Defendant intends to have testify at the trial of this case. For each such expert witness, please identify:

    (a)    The subject matter on which the expert witness is expected to testify;

    (b)    The substance of all facts and opinions to which the expert is expected to testify and a summary for the grounds of each opinion; and

    (c)    Whether such expert has rendered a written report with regard to any matters involved in this lawsuit. If so, please identify each report.

**12.**

Identify all personnel employed at the Starbucks location at issue any from August 1 through 30, 2022. For each such person, identify their job title, whether such person is still employed by you, and if not, their last known address and telephone number.

**13.**

Identify any and all injury incidents from January 1 through December 31, 2022 at the Starbucks location at issue.  For any such incident, identify the (a) name, address and telephone number of the person reporting the incident, (b) the nature of the incident, and (c) the date and time of the incident.

**14.**

If you dispute the extent of Plaintiff's injuries or that her injuries did not result from the incident detailed in the Complaint, please identify all facts and evidence in support and all persons who have relevant knowledge.

**15.**

Identify your policies regarding customer safety at the Starbucks location at issue in effect as of August 26, 2022, including but not limited to all policies mentioning service of hot beverages to customers.

**16.**

Identify by name and address any person who was employed by you, your counsel, or a representative of your insurer, to conduct any investigation into the facts and circumstances of this case and indicate whether or not each person made a written record of the investigation.

**17.**

Please identify all lawsuits for personal injury filed against the Starbucks location at issue from August 26, 2017 to the present.

**18.**

Please identify any and all individuals currently employed you or employed by you from August 26, 2017 to present whose responsibility includes addressing safety issues for customers and guests at the Starbucks location at issue.

**19.**

Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff before the incident concerning the condition which caused or contributed to the subject incident of this lawsuit.

**20.**

Please describe what training manuals or procedures, if any, are utilized in the course of training Defendant's employees with regard to hot beverages, service of hot beverages, and transferring of hot beverages to customers or invitees at the Starbucks location at issue. (This includes any written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training employees on the above.)

**21.**

Please list all incidents involving personal injuries resulting from hot beverages filed against Defendant within the past five (5) years.

**22.**

Please describe Defendant's procedures for preparing hot coffee, hot water, hot tea, and any and all other hot beverages and the stated temperature at the time of purchase by the Plaintiff.

**23.**

Please identify all safety precautions taken by employees in preparation for handling the hot beverages.

**24.**

Please provide specific pictures and instructions/training on how hot beverages should be packaged, presented, and given to the customer.

**25.**

Please provide a description of each system for performing routine inspections regarding the making and handling hot beverages, and the name, address, and title of the person(s) performing such routine inspections and how often the inspections are performed at the Starbucks location at issue.

**26.**

Please identify and provide Starbucks's procedure(s) regarding use of sleeves and placement of lids on all hot beverages.

**27.**

Please identify any and all maintenance or repairs to the equipment or system used when preparing the hot water used in hot beverages for customers at the Starbuck's location at issue.

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

1.

Any and all documents identified in your responses to interrogatories.

2.

All documents, notes, memoranda, or other writings of any kind relied upon to demonstrate and support the facts relevant to this litigation.

3.

Any and all pictures, photographs, or video recordings of the scene of the incident which is the subject matter of this lawsuit.

4.

Copies of all insurance policies and declarations of coverage pages for each policy of insurance covering Defendant Starbucks or said premises described in Complaint at the time of the incident.

5.

Any and all written or recorded statement(s) of any witness or party in connection with the subject occurrence.

6.

Any and all agreement(s) or contract(s) between you and the manager of Starbucks located at 7920 Senoia Road, Fairburn, Georgia 30213.

7.

Any and all communications between you and the manager(s) and/or employees of the Starbucks located at 7920 Senoia Road, Fairburn, Georgia 30213 regarding the subject incident.

8.

Any and all warnings, flyers, letters, and brochures furnished to guests or employees of Starbucks at any time regarding hot beverages.

9.

Any and all incident reports in your possession, custody or control relating to personal injuries at the Starbucks location at issue from August 26, 2017 through August 26, 2022, including but not limited to the incident involving the Plaintiff.

10.

Any and all letters, text messages, emails, correspondence, and complaints received by you, your agents and representatives relating to personal injuries at the Starbucks location at issue

from August 26, 2017 through August 26, 2022, including but not limited to the incident involving the Plaintiff.

11.

Any and all letters, text messages, emails, correspondence, or complaints received by you, your agents, and representatives relating to tenant, customer or guest safety at Starbucks at any time from August 26, 2017 through August 26, 2022, including but not limited to the incident involving the Plaintiff.

12.

Any and all of your policies and procedures, in effect at any time from August 26, 2017 through August 26, 2022, relating to safety of handling of hot beverages.

13.

Your employee training manual(s) in effect from August 26, 2017 through August 26, 2022.

14.

All invoices, checklists, and safety evaluations of Starbucks machinery dispensing hot water at the location at issue from January 1, 2022 through December 31, 2022.

15.

Any and all incident reports involving personal injuries resulting from hot beverages filed against Defendant within the past five (5) years.

16.

Any and all Property Inspection Reports prepared by or for you, your employees, representatives and agents, at any time from August 26, 2017 through August 26, 2022, relating to Starbucks location at 7920 Senoia Road, Fairburn, Georgia 30213.

17.

All safety evaluations for the Starbucks location at 7920 Senoia Road, Fairburn, Georgia 30213 for the time period August 26, 2017 through August 26, 2022.

18.

All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's claims or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based.

19.

Any documents related to any investigation done into the injury suffered by Plaintiff on or about August 26, 2022.

20.

All documents and materials sent by Defendant (including, but is not limited to, agents, employees, or representatives of Defendant's insurance carrier) to anyone Defendant expects to call to testify as an expert witness at the trial of this case.

21.

All documents that Defendant obtains via third-party requests for production served in this case.

22.

Any and all video and/or surveillance footage of Plaintiff.

23.

All written or otherwise recorded statements between Defendant and any insurance carrier regarding the facts or circumstances described in the Complaint.

24.

Each and every photograph, film or videotape depicting any place, object, or individual concerning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries.

25.

All documents or tangible items that memorialize or establish that someone other than you caused or contributed to the occurrence that is the subject of this lawsuit, or Plaintiff, including but not limited to letters, memos, e-mail messages, text messages, and cards.

26.

Each and every document written by any third person or at his or her direction, pertaining to or mentioning the occurrence that is the subject of this lawsuit, or Plaintiff's injuries, including but not limited to letters, memos, e-mail messages, text messages, and cards.

## REQUESTS FOR ADMISSIONS

1.

Please admit that on August 26, 2022 ("hereinafter the "Date of Incident"), Plaintiff was injured at the Starbucks located at 7920 Senoia Road, Fairburn, Georgia 30213.

2.

Please admit that venue is proper in this matter.

3.

Please admit on the Date of Incident, Plaintiff was a customer and invitee on the Premise on the Date of Incident.

4.

Please admit that on the Date of Incident, Defendant owed a duty to Plaintiff to exercise proper, ordinary, and reasonable care to ensure that the lid was securely attached to the cup of hot water prior to transferring the cup to Plaintiff.

5.

Please admit that on the Date of Incident, a drive-through employee handed Plaintiff a cup of hot water with a plastic lid that was not attached, causing the hot water to spill on Plaintiff.

6.

Please admit that Plaintiff did not contribute to her injury.

7.

Please admit that Plaintiff did not assume the risk of her injury.

8.

Please admit that Plaintiff sustained injuries due to this incident.

9.

Please admit that on the Date of Incident, the Starbucks employee did not put a coffee sleeve around the cup prior to giving the hot beverage to the Plaintiff.

10.

Please admit that Starbucks brews hot beverages at approximately 190 degrees Fahrenheit.

11.

Please admit on the Date of Incident, the lid on the hot beverage provided to Plaintiff was not properly or securely attached.

12.

Please admit that Starbucks is liable for any of the injuries sustained as a result of this incident listed in the Complaint.

13.

Please admit that on the Date of Incident, Plaintiff was taken to the hospital due to the injuries sustained.

14.

Please admit that Plaintiff suffered second degree burns as a result of the injuries she sustained as a result of this incident listed in the Complaint.

15.

Please admit that Plaintiff's medical treatment and expenses were reasonable and necessary.

16.

Please admit that Defendant is liable to Plaintiff for her medical expenses, lost wages, and pain and suffering.

17.

Please admit that Defendant does not possess any evidence to support an affirmative defense that the Plaintiff assumed the risk of her injuries.

Respectfully submitted this 9th day of August, 2024.

**ATLANTA PERSONAL INJURY LAW
GROUP-GORE, LLC**
295 W. Crossville Road, Suite 200
Roswell, Georgia 30075
Telephone: (678) 399-6161
Facsimile: (678) 388-6166
Email: laurie@atlinjurylawgroup.com

*/s/Laura K. Vickery*
Laura K. Vickery
Georgia Bar No. 050110
Jennifer Gore-Cuthbert
Georgia Bar No.:788061
*Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
24EV007045
8/20/2024 2:18 PM
Donald Talley, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**Angela Ortega,**

       Plaintiff(s),

vs.

**Case No.: 24EV007045**

**Starbucks Corporation,**

       Defendant(s).

_____/

## AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Danny Davidson, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served Starbucks Corporation with a Summons, Complaint, Plaintiff's First Continuing Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Starbucks Corporation, 5.2 Certificate of Service, and General Civil and Domestic Relations Case Filing Information Form by leaving the documents with Alisha Smith, agent at Corporation Service Company, Registered Agent of Starbucks Corporation at said person's place of employment/place of business located at 2 Sun Court, Suite 400, Norcross, GA 30092 on August 14, 2024 at 10:10 AM.

Signed and sworn to before me on this 19 day of August, 20 24 by an affiant who is personally known to me or produced identification.

**Danny Davidson**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330

_____
Notary Public

RODNEY JAMES MCCLELLAN
My Commission Expires
NOTARY PUBLIC
11-24-2026
FORSYTH COUNTY, GEORGIA





*5153035*

# EXHIBIT B

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELA ORTEGA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  24EV007045 |
| | ) |
| STARBUCKS CORPORATION | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:    Clerk, State Court of Fulton County, Georgia.

COMES NOW, Starbucks Corporation ("Defendant"), named Defendant in the above-styled action, through counsel, without submitting to this Court's jurisdiction and venue, and provide the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. §1446(d), this Court is precluded from taking any further action with respect to this case unless and until same is remanded to it by order of the United States District Court for the Northern District of Georgia.

*[Signature is on the following page.]*

-1-

Respectfully submitted, this 13ᵗʰ day of September, 2024.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax:  404-876-0992
parrottj@deflaw.com
nobleb@deflaw.com

/s/ Jennifer E. Parrott
Jennifer E. Parrott
Georgia Bar No. 080180
Burke A. Noble
Georgia Bar No. 545215

*Attorneys for Defendant*

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANGELA ORTEGA | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) CAFN:  24EV007045 |
| | ) |
| STARBUCKS CORPORATION | ) |
| | ) |
|      Defendant. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing *Notice of Filing of Notice of Removal* on Plaintiff by placing said copy in the United States Mail with sufficient postage affixed thereto, addressed to Plaintiff's counsel at their last known address as follows:

Laura K. Vickery
Jennifer Gore-Cuthbert
Atlanta Personal Injury Law Group-Gore, LLC
295 W. Crossville Road, Suite 200
Roswell, GA  30075
laurie@atlinjurylawgroup.com
jennifer@atlinjurylawgroup.com

Respectfully submitted, this 13th day of September, 2024.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Tel: 404-885-1400
Fax: 404-876-0992
parrottj@deflaw.com
nobleb@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Burke A. Noble
Georgia Bar No. 545215

*Attorneys for Defendant*

-3-

# EXHIBIT C

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 03/29/2024 14:29:36

| BUSINESS INFORMATION | |
|---|---|
| **BUSINESS NAME** | : STARBUCKS CORPORATION |
| **CONTROL NUMBER** | : K405950 |
| **BUSINESS TYPE** | : Foreign Profit Corporation |
| **JURISDICTION** | : Washington |
| **ANNUAL REGISTRATION PERIOD** | : 2024 |

| BUSINESS INFORMATION CURRENTLY ON FILE | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 2401 UTAH AVE S SUITE 800, MS: S-LA1, SEATTLE, WA, 98134-1435, USA | |
| **REGISTERED AGENT NAME** | : Corporation Service Company | |
| **REGISTERED OFFICE ADDRESS** | : 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA | |
| **REGISTERED OFFICE COUNTY** | : Gwinnett | |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| HOWARD SCHULTZ | CEO | 2401 Utah Ave. S., Seattle, WA, 98134, USA |
| JENNIFER L KRAFT | Secretary | 2401 Utah Ave S, Seattle, WA, 98134, USA |
| PETR FILIPOVIC | CFO | 2401 Utah Ave. S., Suite 800, MS: S-LA1, Seattle, WA, 98134, USA |

| UPDATES TO ABOVE BUSINESS INFORMATION | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 2401 UTAH AVE S SUITE 800, MS: S-LA1, SEATTLE, WA, 98134-1435, USA | |
| **REGISTERED AGENT NAME** | : Corporation Service Company | |
| **REGISTERED OFFICE ADDRESS** | : 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA | |
| **REGISTERED OFFICE COUNTY** | : Gwinnett | |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| Laxman Narisimhan | CEO | 2401 Utah Ave. S., Seattle, WA, 98134, USA |
| Joshua Gaul C | Secretary | 2401 Utah Ave S, Seattle, WA, 98134, USA |
| Rachel Ruggeri | CFO | 2401 Utah Ave. S., Suite 800, MS: S-LA1, Seattle, WA, 98134, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| **AUTHORIZER SIGNATURE** | : Joshua C. Gaul |
| **AUTHORIZER TITLE** | : Officer |



# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **STARBUCKS CORPORATION** |
| Business Type: | **Foreign Profit Corporation** |
| Business Purpose: | **NONE** |
| Principal Office Address: | **2401 UTAH AVE S SUITE 800, MS: S-LA1, SEATTLE, WA, 98134-1435, USA** |
| Jurisdiction: | **Washington** |

| | |
|---|---|
| Control Number: | **K405950** |
| Business Status: | **Active/Compliance** |
| Date of Formation / Registration Date: | **3/2/1994** |
| Last Annual Registration Year: | **2024** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| Joshua Gaul C | Secretary | 2401 Utah Ave S, Seattle, WA, 98134, USA |
| Laxman Narisimhan | CEO | 2401 Utah Ave. S., Seattle, WA, 98134, USA |
| Rachel Ruggeri | CFO | 2401 Utah Ave. S., Suite 800, MS: S-LA1, Seattle, WA, 98134, USA |

Back

Filing History     Name History

Return to Business Search

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA ORTEGA,                    )
                                  )
        Plaintiff,                )
                                  ) CAFN:
v.                                )
                                  )
STARBUCKS CORPORATION             )
                                  )
        Defendant.                )

## **AFFIDAVIT OF COUNSEL IN SUPPORT OF REMOVAL**

STATE OF GEORGIA
COUNTY OF FULTON

COMES NOW, personally appeared before the undersigned officer duly authorized to administer oaths, Jennifer E. Parrott, who after being duly sworn, deposes and states the following:

1.

My name is Jennifer E. Parrott, and I am a partner with the law firm of Drew Eckl & Farnham, LLP.

2.

I am competent to make this Affidavit, am suffering from no legal disabilities, and make this Affidavit of my own personal knowledge and with the knowledge and intent that same be used in support of removal of this matter

Page 1 of 3

3.

In this action, Plaintiff Angela Ortega ("Plaintiff") claims that she is entitled to recover for damages, which Plaintiff alleges were the result of active and gross negligence on the part of the named Defendant.

4.

Plaintiff does not specify the amount of damages that she seeks in her Complaint. However, Plaintiff requests she be awarded the full value of her past and future general damages, including, but not limited to damages for physical and mental pain and suffering, the full value of her past, present and future medical expenses and lost wages and earnings, and punitive damages. (Plaintiff's Complaint, ¶ Prayer for Relief subsections c., d., and e.)

5.

While Defendant disputes Plaintiff's claims, based on my experience as an attorney and member of the Georgia Bar and based the amount of damages anticipated given the allegations of Plaintiff's Complaint, the amount that Plaintiff's counsel seeks, that Plaintiff's pre-suit settlement demand was $500,000.00, and assuming that Plaintiff prevails on all of her claims, a permissible award at trial would likely be in excess of $75,000.00, exclusive of interests and costs.

FURTHER AFFIANT SAYETH NOT, this _12th_ day of September, 2024.

Jennifer E. Parrott
Georgia Bar No. 080180

Sworn to and subscribed
before me, this _12_ day
of September, 2024.

Notary Public
My Commission Expires: April 24, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA ORTEGA,                    )
                                  )
     Plaintiff,                  )
                                  ) CAFN:
v.                                )
                                  )
STARBUCKS CORPORATION             )
                                  )
     Defendant.                  )

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am counsel for the Defendant and that I have this day filed the foregoing ***Notice of Removal*** with the Clerk of Court, using the CM/ECF system, and served a copy of the foregoing upon Plaintiff's counsel of record via U.S. Mail, adequate postage prepaid, addressed as follows:

Laura K. Vickery
Jennifer Gore-Cuthbert
Atlanta Personal Injury Law Group-Gore, LLC
295 W. Crossville Road, Suite 200
Roswell, GA  30075
laurie@atlinjurylawgroup.com
jennifer@atlinjurylawgroup.com

This 13th day of September, 2024.

                                    **DREW ECKL & FARNHAM, LLP**

                                    _/s/ Jennifer E. Parrott_
303 Peachtree Street, NE, Suite 3500    Jennifer E. Parrott
Atlanta, Georgia 30308    Georgia Bar No. 080180
Tel: (404) 885-1400    Burke A. Noble
Fax: (404) 876-0992    Georgia Bar No. 545215
parrottj@deflaw.com
nobleb@deflaw.com    _Attorneys for Defendant_